UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT PERSON,

    Petitioner,                                      Civil No. 04-CV-40309-FL
                                                           HONORABLE PAUL V. GADOLA
v.                                                        UNITED STATES DISTRICT JUDGE

ANDREW JACKSON,

    Respondent,

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Robert Person, ("petitioner"), presently confined at the Mound Correctional Facility in Detroit, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for first-degree murder, M.C.L.A. 750.316. [1] For the reasons stated below, the petition for writ of habeas corpus is denied.

**I. Background**

Petitioner was convicted of the above offense following a jury trial in the Wayne County Circuit Court. This Court recites verbatim the relevant facts regarding petitioner's conviction from the Michigan Court of Appeals' opinion affirming his conviction, which are presumed correct on habeas review. *See See Long v. Stovall,* 450 F. Supp. 2d 746, 749 (E.D. Mich. 2006):

    Defendant allegedly confessed to the beating and stabbing death of a Detroit

---

[1] Petitioner was originally convicted of one count of first-degree premeditated murder, one count of first-degree felony murder, and one count of armed robbery. On appeal, the Michigan Court of Appeals vacated petitioner's armed robbery conviction on Double Jeopardy grounds and further ordered that the judgment of conviction be modified to reflect that petitioner was convicted of one count of first-degree murder under alternative theories of premeditated murder and felony murder.

1

newspaper employee whom he accosted outside the newspaper distribution center in the early morning hours of October 5, 1999. According to defendant's signed statements to the police, he went to the distribution center at approximately 12:30 or 12:45 a.m., looking for work stuffing papers, but the supervisor said it was too early. Defendant left, but returned five or six minutes later, and the supervisor again said he could not work and could not come inside.

Defendant subsequently encountered the victim outside the distribution center, forcibly drove the victim, in the victim's van, up the street to a wooded lot, where defendant asked for money. A fight ensued; and defendant struck the victim with a thermos and cut him with a box cutter until the victim opened the passenger door and fell out. Defendant got out of the van and continued to hit the victim with sticks and bricks. Defendant took some money and other items, then drove away in the van, which he later abandoned.

In a pretrial motion on the morning of trial, defendant sought to suppress his statements to the police. The trial court conducted a *Walker* hearing and granted the motion for suppression. The prosecutor filed an interlocutory appeal, and this Court vacated the order granting suppression and remanded for articulation of the court's factual findings and the legal basis for suppression. This Court retained jurisdiction. On remand, the court reconvened the *Walker* hearing and, after hearing additional testimony, again suppressed defendant's statement. On consideration following the remand, this Court again vacated the trial court's order granting suppression and remanded for a *Walker* hearing before a different judge. On remand before a different judge, the court ruled that defendant's statements were voluntary and admissible.
*People v. Person,* No. 234916, * 1-2 (Mich.Ct.App. May 27, 2003).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 469 Mich. 951; 671 N.W. 2d 51 (2003). Further facts will be discussed when addressing petitioner's individual claims. Petitioner now seeks habeas relief. For the purpose of judicial clarity, the Court will paraphrase petitioner's claims rather than recite them verbatim:

I. The evidence at trial was insufficient to convict petitioner of first-degree murder.

II. Petitioner's confessions to the police should have been suppressed because petitioner did not voluntarily waive his Miranda rights and the police detained petitioner for twenty four hours and falsely told him that they had a videotape of petitioner committing the crime.

III. Petitioner was denied a fair trial because of prosecutorial misconduct.

2

IV. Petitioner was deprived of the effective assistance of trial counsel.

## II. Standard of Review

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

## III. Discussion.

**A. Claim # 1. The sufficiency of evidence claim.**

Petitioner first brings a number of challenges to the sufficiency of evidence to convict him of first-degree murder. Petitioner was convicted of first-degree murder under alternative theories of premeditated murder and felony murder. In rejecting petitioner's sufficiency of evidence claim,

3

the Michigan Court of Appeals made the following findings:

> Defendant made two inculpatory statements, which were admitted into evidence. Defendant stated that he planned to get money from the victim, that he demanded the victim's keys, forced the victim to go with him against the victim's will, that he drove to a secluded area, demanded money, and then struck the victim repeatedly and cut the victim with a box cutter. After the victim attempted to get out of the van and "slid out" onto the ground, defendant got out of the van and continued to beat the victim, apparently with sticks and bricks he picked up from the ground. He took money and personal items from the victim and drove away. A forensic pathologist testified that the victim died from multiple blows and trauma and incise wounds to the head and neck. He also opined that the decedent was unconscious when the incise wounds were inflicted. The testimony and evidence coincided with defendant's confession. The supervisor at the newspaper distribution center testified that defendant was at the center between 1:30 and 1:40 a.m., and there was evidence that the victim had arrived at the center for work around that time.
>
> The jury could reasonably conclude that defendant committed murder and that the murder was premeditated. Evidence of a struggle and defendant's repeated and continued beating of the victim supports an inference that defendant had the opportunity to "take a second look." Evidence that a defendant took the victim to a secluded area can also be indicative of premeditation.
>
> The evidence also supports an inference of malice to support a conviction of felony-murder. Malice may be inferred from evidence that the defendant intentionally set in motion a force likely to cause death or great bodily harm. Malice may also be inferred from the use of a deadly weapon. Given defendant's statements and other evidence of the circumstances of the crime, we find that there was sufficient evidence to support defendant's murder convictions.

*Person,* Slip. Op. at * 2-3 (internal citations omitted).

A habeas court reviews claims that the evidence at trial was insufficient for a conviction by asking whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Scott v. Mitchell*, 209 F. 3d 854, 885 (6th Cir. 2000)(citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Because a claim of insufficiency of the evidence presents a mixed question of law and fact, this Court must determine whether the state court's application of the *Jackson* standard was

reasonable. *Dell v. Straub*, 194 F. Supp. 2d 629, 647 (E.D. Mich. 2002). The scope of review in a federal habeas proceeding to the sufficiency of evidence in a state criminal prosecution "is extremely limited and a habeas court must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state and defer to that resolution." *Terry v. Bock,* 208 F. Supp. 2d 780, 794 (E.D. Mich. 2002). Finally, a habeas court may not substitute its own judgment for that of the finder of fact. *See Alder v. Burt,* 240 F. Supp. 2d 651, 661 (E.D. Mich. 2003)

To constitute first-degree premeditated murder, the state must establish that a defendant's intentional killing of another was deliberated and premeditated. *Scott v. Elo*, 302 F. 3d 598, 602 (6th Cir. 2002)(*citing People v. Schollaert*, 194 Mich. App. 158; 486 N.W.2d 312, 318 (1992)). The elements of premeditation and deliberation may be inferred from the circumstances surrounding the killing. *Johnson v. Hofbauer,* 159 F. Supp. 2d 582, 596 (E.D. Mich. 2001)(*citing to People v. Anderson*, 209 Mich. App. 527, 537, 531 N. W. 2d 780 (1995)). Premeditation may be established through evidence of the following factors:

1. the prior relationship of the parties;
2. the defendant's actions before the killing;
3. the circumstances of the killing itself;
4. the defendant's conduct after the homicide.

*Cyars v. Hofbauer,* 383 F. 3d 485, 491 (6th Cir. 2004); *Anderson*, 209 Mich. App. at 527.

In order to prove premeditation and deliberation under Michigan's first-degree murder statute, the interval between the thought and action should be long enough to give a reasonable person sufficient time to subject his or her actions to a "second look". *Alder,* 240 F. Supp. 2d at 663)(*citing to People v. Morrin,* 31 Mich. App. 301, 187 N.W. 2d 434 (1971)). "A few seconds between the antagonistic action between the defendant and the victim and the defendant's decision to murder the victim may be sufficient to create a jury question on the issue of premeditation." *Id.*

5

Therefore, a sufficient time lapse to provide an opportunity for a "second look" may be merely seconds, minutes, or hours or more, dependent on the totality of the circumstances surrounding the killing. *People v. Berthiaume*, 59 Mich. App. 451, 456, 229 N. W. 2d 497 (1975). Premeditation and deliberation may be inferred from the type of weapon used and the location of the wounds inflicted. *People v. Berry*, 198 Mich. App. 123, 128, 497 N. W. 2d 202 (1993).

> Under Michigan law, the elements of first-degree felony murder are:
> (1) the killing of a human being;
> (2) with an intent to kill, to do great bodily harm, or to create a high risk of death or great bodily harm with knowledge that death or great bodily harm is the probable result (*i.e.*, malice);
> (3) while committing, attempting to commit, or assisting in the commission of one of the felonies enumerated in the felony murder statute.

*Matthews v. Abramajtys,* 319 F. 3d 780, 789 (6th Cir. 2003)(citing to *People v. Carines*, 460 Mich. 750, 759; 597 N.W. 2d 130 (1999)).

The elements of armed robbery under Michigan law are: (1) an assault, and (2) a felonious taking of property from the victim's presence or person, (3) while the defendant is armed with a weapon described in the statute. *See Lovely v. Jackson,* 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004)(citing M.C.L.A. 750.529; *People v. Allen*, 201 Mich. App. 98, 100; 505 N.W. 2d 869 (1993))

Petitioner first contends that there was insufficient evidence to convict him of the murder because the only evidence linking petitioner to the crime was his custodial statements which were uncorroborated by any physical evidence. First, the Court notes that physical evidence is not required to sustain a criminal conviction. *See United States v. Davis,* 306 F. 3d 398, 409 (6th Cir. 2002). Moreover, "A confession is like no other evidence. Indeed, the defendant's own confession is probably the most probative and damaging evidence that can be admitted against him." *United States v. Redditt,* 87 Fed. Appx. 440, 445 (6th Cir. 2003) (*quoting Arizona v. Fulminante*, 499 U.S.

6

279, 296 (1991)). Therefore, Petitioner's signed confessions provide "overwhelming evidence" of petitioner's guilt and are enough to support his conviction. *See id.*

Furthermore, to the extent that petitioner challenges the credibility of the police officers' testimony regarding his confessions, he would not be entitled to habeas relief. A court that reviews a sufficiency of evidence claim does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the finder of fact. *See Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). "[D]etermination of the credibility of a witness is within the sole province of the finder of fact and is not subject to review." *Alder,* 240 F. Supp. 2d at 661. Attacks on witness credibility are simply challenges to the quality of the prosecution's evidence, and not to the sufficiency of the evidence. *Martin v. Mitchell,* 280 F. 3d 594, 618 (6th Cir. 2002).

Petitioner next contends that the evidence at trial established that he killed the victim during an altercation, thus establishing, at best, that he was guilty only of voluntary manslaughter

Under Michigan law, to establish voluntary manslaughter, the evidence must establish (1) that the defendant killed in the heat of passion; (2) that the passion was caused by an adequate provocation; and (3) that there was not a lapse of time during which a reasonable person could control his passions. *Williams v. Withrow,* 328 F. Supp. 2d 735, 748-49 (E.D. Mich. 2004)(citing *People v. Pouncey*, 437 Mich. 382, 388; 471 N.W.2d 346, 350 (1991)). However, under Michigan law, a robbery victim's attempt at self-defense cannot be viewed as a sufficient provocation to reduce the robber's murder of the victim to manslaughter. *See People v. Maclin,* 101 Mich. App. 593, 596; 300 N.W. 2d 642 (1980). "It would be somewhat ludicrous to let the felon kill in self-defense after creating the danger . . . where, but for the felony, the death would not have occurred ." *Id.* (quoting CJI Homicide Commentary, CJI 16-126).

7

State courts are the "ultimate expositors of state law." *Mullaney v. Wilbur,* 421 U.S. 684, 691 (1975). What is essential to establish the elements of a crime is a matter of state law. *See Sanford v. Yukins,* 288 F. 3d 855, 862 (6th Cir. 2002). A federal habeas court must therefore defer to a state appellate court's construction of the elements of state crimes. *See Coe v. Bell*, 161 F. 3d 320, 347 (6th Cir. 1998). Likewise, "[D]ue process does not require that a defendant be permitted to present any defense he chooses. Rather, states are allowed to define the elements of, and defenses to, state crimes." *See Lakin v. Stine,* 80 Fed. Appx. 368, 373 (6th Cir. 2003)(citing *Apprendi v. New Jersey*, 530 U.S. 466, 484-87 (2000); *McMillan v. Pennsylvania*, 477 U.S. 79, 84-86, (1986)). The circumstances under which a criminal defense may be asserted is thus a question of state law. *Id.*

In the present case, the evidence establishes that petitioner robbed the victim. The fact that the victim may have attempted to defend himself would not be sufficient provocation under Michigan law to reduce petitioner's first-degree murder conviction to manslaughter. Therefore, the record does not indicate that the state courts unreasonably determined the facts in rejecting petitioner's claim that there was sufficient evidence of adequate provocation so as to reduce the charge of first-degree murder to voluntary manslaughter. *Williams,* 328 F. Supp. 2d at 749. Petitioner is not entitled to habeas relief on his first claim.

**B. Claim # 2. The confession claim.**

Petitioner next contends that his confessions should have been suppressed because he did not voluntarily waive his *Miranda* rights and because the confessions themselves were coerced. Petitioner first claims that the police continued to improperly question him after he requested to speak with an attorney. In this regard, *Edwards v. Arizona*, 451 U.S. 477, 484-85 (1981),

8

established the rule that once an accused invokes his right to counsel during custodial interrogation, that interrogation must cease until counsel is made available, unless the accused initiates further conversation with the police.

The Michigan Court of Appeals rejected this portion of petitioner's claim by noting that the issue of whether petitioner had waived his right to counsel rested upon a credibility determination made by the trial court. The two police officers who took petitioner's statements testified at petitioner's *Walker* hearing that petitioner read his rights out loud and did not request counsel. Petitioner testified that he was unable to read, the officers read the rights to him, and that he told each officer that he wanted an attorney. The trial court resolved the factual conflicts in the officers' favor and determined that petitioner had voluntarily waived his rights. Because this was a credibility determination, the Michigan Court of Appeals deferred to the trial court's findings. *Person,* Slip. Op. at * 4.

A federal court must apply the presumption of correctness to state court findings of fact for habeas corpus purposes unless clear and convincing evidence is offered to rebut this presumption. *Bailey v. Mitchell*, 271 F. 3d 652, 656 (6th Cir. 2001); 28 U.S.C. § 2254(e)(1). Subsidiary factual questions in determining the voluntariness of a statement to police, questions such as whether the police engaged in intimidation tactics alleged by a habeas petitioner, are entitled to the presumption of correctness accorded to state court findings of fact. *Miller v. Fenton*, 474 U.S. 104, 112 (1985). Furthermore, A state court's finding that a habeas petitioner did not make an unequivocal request for counsel and that the statement was voluntarily made is entitled to the presumption of correctness. *See Pritchett v. Pitcher*, 117 F. 3d 959, 963 (6th Cir. 1997); *Walendzinski v. Renico,* 354 F. Supp. 2d 752, 759 (E.D. Mich. 2005). That presumption is only overcome only when a

petitioner presents clear and convincing evidence to rebut the presumption. *See id.* In the present case, because petitioner has failed to offer any clear and convincing evidence to rebut the trial court's credibility determination, Petitioner is not entitled to habeas relief on this portion of his second claim.

Petitioner also contends that his statement should have been suppressed because it was not made voluntarily or intelligently. In determining whether a confession is voluntary, the ultimate question for a court is "whether, under the totality of the circumstances, the challenged confession was obtained in a manner compatible with the requirements of the Constitution." *Miller v. Fenton,* 474 U.S. 104, 112 (1985). These circumstances include:

    1. Police coercion (a "crucial element");
    2. The length of interrogation;
    3. The location of interrogation;
    4. The continuity of the interrogation;
    5. The suspect's maturity;
    6. The suspect's education;
    7. The suspect's physical condition and mental health;
    8. Whether the suspect was advised of his or her *Miranda* Rights.

*Withrow v. Williams*, 507 U.S. 680, 693-94 (1993).

All of the factors involved in the giving of the statement should be closely scrutinized. *Culombe v. Connecticut*, 367 U.S. 568, 602 (1961). However, without coercive police activity, a confession should not be deemed involuntary. *Colorado v. Connelly,* 479 U.S. 157, 167 (1986).

In the present case, petitioner has failed to show that the state trial and appellate courts' determination that his statements were voluntarily made was unreasonable. Although petitioner was detained for a total of twenty-four hours, petitioner was only questioned three times by the police for brief periods of time. Petitioner received his *Miranda* warnings each time before being questioned by the police. As the trial court indicated when it denied petitioner's motion to

suppress, there was no evidence presented that petitioner was deprived of food or sleep while he was detained by the police. The mere fact that petitioner was interrogated by the police for the first time at about midnight would not render petitioner's confession involuntary in the absence of any coercive activity on the part of the police. *See e.g. Ledbetter v. Edwards*, 35 F. 3d 1062, 1068-69 (6th Cir. 1994). The state courts' determination that petitioner's statements were voluntarily given was not an unreasonable application of clearly established federal law, where the interrogation sessions were of brief duration, the police did not use any "particularly coercive or heavy-handed interview techniques" with petitioner, the state trial court concluded that there was no evidence that he was intimidated or abused in any way, and petitioner appeared to understand his constitutional rights. *See Walendzinski,* 354 F. Supp. 2d at 760.

Petitioner further contends that his confessions were involuntary because the police falsely told him that they had a videotape of petitioner committing the crime. Police trickery alone, however, will not invalidate an otherwise voluntary statement. *See Frazier v. Cupp*, 394 U.S. 731, 737-39 (1969)(interrogator's misrepresentation that co-suspect had already confessed did not render suspect's confession coerced); *Ledbetter*, 35 F. 3d at 1066-70 (police officer's false statements that police had matched defendant's fingerprints to prints in victim's van and that two witnesses had identified defendant did not make confession involuntary); *See also Terry v. Bock,* 208 F. Supp. 2d at 790 (determination that defendant voluntarily waived his *Miranda* rights prior to making his second statement was not unreasonable, even if officer misrepresented to petitioner that co-defendant had made a statement against defendant).

The state court determination that petitioner's confessions were voluntary was not contrary to, or an unreasonable application of, clearly established federal law. Petitioner was thirty-four

years old at the time he made his statement, had a tenth grade education, had previous experience with the criminal justice system and admitted that he was familiar with criminal procedures, was not deprived of necessary nourishment, medical care, sleep, or other essentials while in custody, and was advised of his *Miranda* rights by police prior to being questioned and waived those rights. Therefore, based upon the facts of the case, Petitioner's claim of coercive police activity does not warrant federal habeas relief. *See Payne v. Smith,* 207 F. Supp. 2d 627, 646 (E.D. Mich. 2002). Petitioner's second claim will be denied.

### C. Claims # 3 and # 4. The prosecutorial misconduct/ineffective assistance of counsel claims.

The Court next considers petitioner's third and fourth claims together because they are interrelated. In his third claim, petitioner contends that he was deprived of a fair trial because of prosecutorial misconduct. In his fourth claim, petitioner contends that his counsel was ineffective for failing to object to this alleged misconduct.

Respondent argues that petitioner's prosecutorial misconduct claims are defaulted because petitioner failed to object to the prosecutor's remarks at trial. Petitioner contends that trial counsel was ineffective for failing to object to these remarks. Ineffective assistance of counsel may establish cause for procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). Given that the cause and prejudice inquiry for the procedural default issue merges with an analysis of the merits of petitioner's defaulted claims, it would be easier to consider the merits of the prosecutorial misconduct claims. *See Cameron v. Birkett,* 348 F. Supp. 2d 825, 836 (E.D. Mich. 2004).

When a petitioner seeking habeas relief makes a claim of prosecutorial misconduct, the reviewing court must consider that the touchstone of due process is the fairness of the trial, not the culpability of the prosecutor. On habeas review, a court's role is to determine whether the conduct

12

was so egregious as to render the entire trial fundamentally unfair. *Serra v. Michigan Department of Corrections*, 4 F. 3d 1348, 1355-56 (6th Cir. 1993). Because this case is a habeas case and is not a direct appeal, the inquiry into this issue is less stringent. *See Johnson v. Renico,* 314 F. Supp. 2d 700, 708 (E.D. Mich. 2004). In evaluating prosecutorial misconduct in a habeas case, consideration should be given to the degree to which the challenged remarks had a tendency to mislead the jury and to prejudice the accused, whether they were isolated or extensive, whether they were deliberately or accidentally placed before the jury, and, except in the sentencing phase of a capital murder case, the strength of the competent proof against the accused. *Serra,* 4 F. 3d at 1355-56.

Petitioner first claims that the prosecutor improperly invoked sympathy for the victim by referring to the killing as a "slaughter" or a "slaughtering", and that the victim had been "sliced and diced" by petitioner. The Court notes that these isolated remarks were part of a thirty-two page argument which focused primarily on the evidence. (Tr. 4/4/2001, pp. 4-26; 37-45). Moreover, the trial court, both before the beginning of opening arguments and again at the conclusion of trial, instructed the jurors that the attorneys' arguments and statements were not evidence. (Tr. 4/3/2001, pp. 12-13; Tr. 4/4/2001, pp. 50-51). To the extent that the prosecutor's remarks during closing argument may have improperly evoked sympathy for the murder victim, in light of the fact that the remarks were relatively isolated, were a small part of a closing argument which focused heavily on summarizing the evidence presented at trial, and the trial judge informed the jury that the arguments were not evidence, the remarks do not warrant federal habeas relief. *Byrd v. Collins,* 209 F. 3d 486, 532-33 (6th Cir. 2000).

Petitioner next contends that the prosecutor disparaged him during closing argument by referring to petitioner as a "butcher", a "madman", and by questioning petitioner's expression of

remorse to the police in his second statement. The prosecutor's isolated references to petitioner as being a "butcher" or a "madman" and the prosecutor's brief questioning of the sincerity of petitioner's remorse for the killing were not so egregious as to render petitioner's trial fundamentally unfair. *See Farmer v. Hofbauer,* 1 Fed. Appx. 372, 381 (6th Cir. 2001)(single reference comparing petitioner to Hitler did not merit habeas relief); *Byrd,* 209 F.3d at 536 (prosecutor's use of "predator" to describe murder defendant did not deprive petitioner of a fair trial).

Petitioner next contends that the prosecutor disparaged defense counsel by accusing her of misrepresenting the evidence and "playing games." The Sixth Circuit has held that "[a] prosecutor commenting that the defense is attempting to trick the jury is a permissible means of arguing so long as those comments are not overly excessive or do not impair the search for the truth." *Brown v. McKee,* 231 Fed. App'x. 469, 480 (6th Cir. 2007)(*quoting United States v. August*, 984 F.2d 705, 715 (6th Cir.1992)). Thus, a prosecutor's isolated comments in closing argument that the defense was attempting to trick the jury is not an improper disparagement of defense counsel. *Id.*

Petitioner is not entitled to habeas relief on his claim that the prosecutor improperly denigrated defense counsel because, even if the prosecutor's comments about petitioner's defense were improper, they were not flagrant enough to justify habeas relief. *See Henley v. Cason,* 154 Fed. Appx. 445, 447 (6th Cir. 2005). The prosecutor's sarcastic comments were not so incendiary so as to inflame the jury's passion or distract them from determining petitioner's guilt or innocence. *See Davis v. Burt,* 100 Fed. Appx. 340, 348 (6th Cir. 2004).

Petitioner next contends that the prosecutor improperly vouched for petitioner's guilt and for the credibility of the officers. A prosecutor may not express a personal opinion concerning the

guilt of a defendant or the credibility of trial witnesses, because such personal assurances of guilt or vouching for the veracity of witnesses by the prosecutor "exceeds the legitimate advocates' role by improperly inviting the jurors to convict the defendant on a basis other than a neutral independent assessment of the record proof." *Caldwell v. Russell*, 181 F.3d 731, 737 (6th Cir. 1999)(internal citations omitted). The test for improper vouching for a witness is whether the jury could reasonably believe that the prosecutor was indicating a personal belief in the witness' credibility. *United States v. Causey*, 834 F. 2d 1277, 1283 (6th Cir. 1987). "[G]enerally, improper vouching involves either blunt comments, or comments that imply that the prosecutor has special knowledge of facts not in front of the jury or of the credibility and truthfulness of witnesses and their testimony." *See United States v. Francis,* 170 F. 3d 546, 550 (6th Cir. 1999)(internal citations omitted). It is worth noting, however, that the Sixth Circuit has never granted habeas relief for improper vouching. *Byrd,* 209 F. 3d at 537 and n. 43. Even on direct appeal from a federal conviction, the Sixth Circuit has held that to constitute error a prosecutor's alleged misconduct of arguing his personal belief, in a witness' credibility or in a defendant's guilt, must be flagrant and not isolated. *See United States v. Humphrey,* 287 F.3d 422, 433 (6th Cir. 2002).

In the present case, the prosecutor did not express a personal belief in the credibility of the police witnesses, nor did the prosecutor argue evidence not in the record. Rather, the prosecutor made comments which were reasonable inferences from the record evidence and asked rhetorical questions to suggest inferences based on the evidence admitted at trial. In particular, the prosecutor's rhetorical remark that had the police wanted to fabricate a confession that they would have come up with a better one was not flagrant or misleading but simply asked the jurors to make a common-sense inference from the evidence presented. *See U.S. v. Smith,* 89 Fed. Appx. 494, 497-

98 (6th Cir. 2004). The prosecutor did not assert or imply that he had any special knowledge apart from the record evidence to believe that petitioner was guilty or the prosecution witnesses were testifying truthfully. Therefore, Petitioner has failed to show that the prosecutor engaged in improper vouching, so as to entitle him to habeas relief. *See Alder,* 240 F. Supp. 2d at 669.

Petitioner also claims that the prosecutor shifted the burden of proof in his closing arguments. However, the trial court instructed the jury both at the beginning and the end of trial that petitioner was presumed innocent, that the prosecutor had the burden of proving petitioner's guilt beyond a reasonable doubt, and that the burden never shifted to petitioner (Tr. 4/2/2001, pp. 7-8; Tr. 4/3/2001, pp. 8-9; Tr. 4/4/2001, pp. 47-48). In the present case, the prosecution's argument did not deprive petitioner of a fair trial, because any possible prejudice which might have resulted from the comments was cured by the trial court's instructions regarding the proper burden of proof. See Scott v. Elo, 302 F. at 603-04.

Similarly, Petitioner cannot show that counsel was ineffective for failing to object to the prosecutor's closing argument in light of the fact that the Michigan Court of Appeals found on direct appeal that the remarks were not improper. *See Finkes v. Timmerman-Cooper*, 159 Fed. Appx. 604, 611 (6th Cir. 2005); *Campbell v. United States*, 266 F. Supp. 2d 587, 589-90 (E.D. Mich. 2003). Accordingly, petitioner is not entitled to habeas relief on his final claims.

### IV. CONCLUSION

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus [docket entry #3] is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

Dated: <u>February 26, 2008</u>                             s/Paul V. Gadola
                                                                                     HONORABLE PAUL V. GADOLA
                                                                                      UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on <u>February 26, 2008</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
<u>                            B. Eric Restuccia                               </u>, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: <u>                Robert Person                      </u>.

                                                           s/Ruth A. Brissaud
                                                           Ruth A. Brissaud, Case Manager
                                                           (810) 341-7845